## Collins v. Commonwealth.

(Decided April 22, 1927.)

### Appeal from Floyd Circuit Court.

Disorderly House.—Indictment charging keeping of a disorderly house on named day and before finding of indictment, without containing words charging a repetition or frequency of the acts of disorder complained of, held insufficient.

CAUDILL & TACKETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was convicted of the offense of keeping a disorderly house and adjudged to pay a fine of $250. For reversal of that judgment he urges many grounds, none of which we will pass upon except the one relating to the claimed error of the trial court in overruling appellant's demurrer to the indictment.

The indictment in this case, so far as pertinent, reads:

"The grand jury of Floyd county, in the name and by the authority of the commonwealth of Kentucky, accused Glover Collins of the offense of keeping a disorderly house, committed in manner and form as follows, to wit:

"The said defendant, in the county of Floyd, on the 20 day of August, A. D. 1926, and before the finding of this indictment, did unlawfully, willfully, with force and arms, a certain common, ill-governed and disorderly house, to wit:"

In the case of Commonwealth v. Bessler, 97 Ky. 498, 30 S. W. 1012, a demurrer was sustained to an indictment which charged the defendant, Bessler, with keeping a disorderly house, committed as follows, viz.:

"The said Phillip Bessler on the —— days of ——, 1894, and before the finding of this indictment, in the county aforesaid, did unlawfully suffer, etc."

In sustaining the action of the trial court, we said that the offense of keeping a disorderly house consists of a repetition of improper conduct amounting to a common nuisance, and an indictment which fails to charge a repetition or frequency of the acts of disorder is insufficient. We said:

"Keeping a disorderly house is a common-law offense, and to keep it is not an indictable offense, unless it be laid as a common nuisance. Common nuisances are created in various ways. One act, of itself, might not be common nuisance, except for that which directly flows from it, and which is of a continuing nature. The offense of keeping a disorderly house consists of a repetition of improper conduct."

After quoting various authorities, and especially Wharton on Criminal Law, we said:

"The latter quotation is made to show that the matter of repetition or frequency of the acts of disorder, etc., is an essential element in the acts to constitute the offense of keeping a disorderly house. . . . There is an entire absence of any charge in the indictment that the defendant permitted persons to assemble, etc., on divers days and times, nor are there any words or phrases used charging a repetition or frequency of the acts of disorder, etc."

The indictment in the case before us is on this point practically the same as the indictment in the Bessler case, except that where the blank dates appear in the Bessler case it is averred in this case that the acts complained of occurred on a day certain, which allegation indeed is more narrow than the one held insufficient in the Bessler case. The rule in the Bessler case was followed and approved by us in the case of City of Louisville v. Hendricks (Ky.) 116 S. W. 747, and as may be ascertained by the use of that excellent publication, Shepard's Cita-

tions, by the Missouri courts in State v. Lichta, 130 Mo. App. 284, 109 S. W. 828, and State v. Dykeman, 153 Mo. App. 416, 134 S. W. 122  As the instant indictment failed to charge a repetition or frequency of the acts of disorder complained of, it was insufficient, and the trial court should have sustained the demurrer thereto.

Judgment reversed for proceedings consistent with this opinion.